## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IRONWORKS PATENTS, LLC, | |
| Plaintiff, | Civil Action No. |
| v. | |
| MOTOROLA MOBILITY LLC, | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

Plaintiff Ironworks Patents LLC ("Ironworks" or "Plaintiff") files this Complaint for patent infringement under the patent laws of the United States, Title 35 of the United States Code, against Defendant Motorola Mobility LLC ("Motorola" or "Defendant") that relates to three U.S. patents owned by Ironworks: 6,850,150; 9,521,269 and RE39,231 (collectively, the "Patents-in-Suit").

## THE PARTIES

1.      Plaintiff Ironworks is a limited liability company organized under the laws of the State of Illinois, with an office at 125 S. Clark St., 17th Floor, Chicago, Illinois 60603.

2.      Defendant Motorola Mobility LLC is a corporation duly organized and existing under the laws of Delaware, with a regular and established place of business at 222 W Merchandise Mart Plaza, Suite 1800, Chicago, IL 60654. Motorola Mobility LLC can be served with process through its registered agent, CT Corporation Systems, 208 S. LaSalle Street, Suite 814, Chicago, IL 60604.

3.      Motorola makes, uses, imports, sells and/or offers for sale wireless mobile devices, including smartphones, and related applications and services.

## JURISDICTION AND VENUE

4.     This Complaint states causes of action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 100 *et seq.,* and, more particularly 35 U.S.C. § 271.

5.     This Court has subject matter jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a) in which the district courts have original and exclusive jurisdiction of any civil action for patent infringement.

6.     The Defendant is subject to this Court's general personal jurisdiction pursuant to due process and/or the Illinois Long Arm Statute, Illinois Statutes 735 § 5/2-209, due at least to its substantial business conducted in this District, including: (i) having transacted business within the State of Illinois and attempted to derive financial benefit from residents of the State of Illinois in this District, including benefits directly related to the instant patent infringement causes of action set forth herein; (ii) having placed its products and services into the stream of commerce throughout the United States and having been actively engaged in transacting business in Illinois and in this District, and (iii) having committed the complained of tortious acts in Illinois and in this District.

7.     Motorola, directly and/or through subsidiaries and agents (including distributors, retailers, and others), makes, imports, ships, distributes, offers for sale, sells, uses, and advertises (including offering products and services through its website, https://www.motorola.com/us/home, as well as other retailers) its products and/or services in the United States, the State of Illinois, and the Northern District of Illinois.

8.     Defendant, directly and/or through its subsidiaries and agents (including distributors, retailers, and others), has purposefully and voluntarily placed one or more of its infringing products and/or services, as described below, into the stream of commerce with the

expectation that they will be purchased and used by consumers in the Northern District of Illinois in an infringing manner. These infringing products and/or services have been and continue to be purchased and used by consumers in the Northern District of Illinois. Defendant has committed acts of patent infringement within the State of Illinois and, more particularly, within the Northern District of Illinois.

9.      In addition, Defendant Motorola Mobility LLC is registered to do business in the State of Illinois and headquartered in Chicago. This Court's exercise of personal jurisdiction over Motorola is consistent with Illinois Long Arm Statute, Illinois Statutes 735 § 5/2-209, and traditional notions of fair play and substantial justice.

10.      Venue is proper in this District under 28 U.S.C. § 1400(b). Defendant has committed acts of infringement in this District and has a regular and established place of business in this District.

## BACKGROUND FACTS REGARDING THE IRONWORKS PATENTS

11.      Ironworks is the owner of record and assignee of each of U.S. Patent Nos. 6,850,150 ("the '150 Patent"); 9,521,269 ("the '269 Patent") and RE39,231 ("the '231 Patent") (collectively the "Patents-in-Suit").

12.      The '231 Patent was originally filed by, and assigned to, Sony Corporation ("Sony").

13.      Sony, based in Japan, is one of the world's largest consumer electronics and entertainment companies.

14.      Sony spends a significant amount of revenue on research and development. For example, Sony Corporation spent over $4 billion on research and development in each year from 2012 to 2016 (e.g. 468,183 million yen in 2016).

3

15.     Sony's long history of innovation has resulted in the company being awarded more than 3,200 patents.

16.     The '150 Patent was originally filed by, and assigned to, Nokia Mobile Devices Ltd. ("Nokia"). The '269 Patent is a continuation of a continuation of the '150 Patent.

17.     Nokia is a Finnish multinational communications and information technology company, and at one time was the world's largest producer of mobile phones.

18.     For more than 20 years, Nokia has defined many of the fundamental technologies used in virtually all mobile devices and taken a leadership role in standards setting. As a result, Nokia owns a leading share of essential patents for GSM, 3G radio and 4G LTE technologies. These, together with other Nokia patents for Wi-Fi and video standards, form the core of Nokia's patent portfolio.

19.     Nokia spends a significant amount of revenue on research and development.  For example, Nokia spent about 4.9 billion Euros on research and development in 2011 and 2016. Between 1984 and 2014, Nokia invested more than 50 billion Euros to create a portfolio of 30,000 patents and patent applications.

20.     Nokia's long history of innovation has resulted in the company being awarded more than 30,000 patents in more than 10,000 patent families.

## THE PATENTS-IN-SUIT AND CLAIMS-IN-SUIT

21.      Ironworks has the exclusive right to sue and the exclusive right to recover damages for infringement of the Patents-in-Suit during all relevant time periods.

22.     On August 8, 2006, the '231 Patent entitled "Communication terminal equipment and call incoming control method" was duly and legally issued by the USPTO.

23. On February 1, 2005, the '150 Patent entitled "Portable Device" was duly and legally issued by the USPTO.

24. On December 13, 2016, the '269 Patent entitled "Method of giving the user information and portable device" was duly and legally issued by the USPTO.

## INFRINGING PRODUCTS

25. Defendant has been, and now is, directly infringing claims of the Patents-in-Suit under 35 U.S.C. § 271(a) by making, using, offering for sale, selling, and/or importing the below accused smartphones and other mobile wireless devices in this District and elsewhere in the United States that include the systems claimed in the Patents-in-Suit and/or by using the methods claimed in the Patents-in-Suit, including, for example, Defendant's use of said methods during set-up, testing, and demonstration of its smartphones.

26. Defendant has been, and now is, inducing the direct infringement of claims of the Patents-in-Suit pursuant to U.S.C. § 271(b) at least by one or more of making, using, offering for sale, selling and/or importing the below accused smartphones and other mobile wireless devices in this District and elsewhere in the United States that were designed and intended to use and/or practice the methods and processes covered by the Patents-in-Suit. Further, Defendant has induced infringement by, for example, providing user guides and other support materials and services to its users and by advertising features that are used, and benefits that are achieved through use of the Patents-in-Suit.

27. Despite Defendant's awareness of the Patents-in-Suit, Defendant has continued these acts of inducement with specific intent to cause and encourage direct infringement of the Patents-in-Suit with willful blindness that such activities occurred, are still occurring, and constitute direct infringement of the Patents-in-Suit.

## DEFENDANT'S KNOWLEDGE OF THE PATENTS-IN-SUIT
## AND CONTINUED INFRINGEMENT DESPITE THAT KNOWLEDGE

28.     The Patents-in-Suit were previously owned by MobileMedia Ideas, LLC ("MMI").

29.     Prior to assignment the Patents-in-Suit to Ironworks, MMI attempted to resolve the issues now in this litigation for years through numerous emails and letters to both Lenovo (Motorola Mobility's current parent company) and Motorola, Inc. (Motorola Mobility's predecessor) and illustrative claim charts sent to Motorola, Inc.

30.     On February 12, 2010, MMI sent a letter to Mr. Sanjay K. Jha, Co-CEO and Director, CEO, of Mobile Devices Motorola, Inc. by Federal Express. Motorola has been aware of two of the Patents-in-Suit since no later than that date (the '150 and '231 Patents).

31.     In addition to identifying these Patents-in-Suit, MMI's February 12, 2010 letter identified the Motorola products and methods that infringe their claims, including Motorola smartphones and several specific Motorola phone models available at that time.

32.     On February 19, 2010, MMI sent a letter to Mr. Yuanqing Yang, CEO of Lenovo Group Limited by Federal Express. In addition to identifying Patents-in-Suit (the '150 and '231 Patents), MMI's February 19, 2010 letter identified the Lenovo products that infringe them, including the Lenovo smartphone model available at that time.

33.     On March 21, 2012, MMI provided Motorola with a set of illustrative claim charts, including a claim chart for '231 patent against multiple infringing Motorola products.

34.     MMI assigned the Patents-in-Suit to Ironworks in March 2017.

35.     To Ironworks' knowledge, Defendant never raised any non-infringement defense related to any of the Patents-in-Suit and never raised any prior art issues related to any of the Patents-in-Suit.

36.     Defendant has not agreed to enter into a licensing agreement with MMI or Ironworks.

37.     This Complaint serves as additional notice to Defendant of the Patents-in-Suit and the manner in which they are infringed.

38.     Despite knowledge of the Patents-in-Suit and knowledge of the manner in which the Patents-in-Suit are infringed as demonstrated in the provided claim charts, Defendant has continued to infringe and/or induce the infringement of the Patents-in-Suit.

## COUNT I: INFRINGEMENT OF RE39,231 CLAIM 12

39.     Ironworks reasserts and realleges paragraphs 1 through 38 of this Complaint as though set forth fully here.

40.     Claim 12 of the '231 Patent provides:

| Preamble to Claim 12 | A communication terminal for informing a user of a received call from a remote caller by an alert sound, comprising: |
|---|---|
| Element A | an alert sound generator for generating the alert sound when the call is received from the remote caller; |
| Element B | control means for controlling said alert sound generator; and |
| Element C | means for specifying a predetermined operation by the user, wherein when said alert sound generator is generating the alert sound and said means for specifying said predetermined operation is operated by the user, said control means controls said alert sound generator to change a volume of the generated alert sound only for the received call, without affecting the volume of the alert sound for future received calls, while leaving a call ringing state, as perceived by the remote caller, of the call to the terminal from the remote caller unchanged, |
| Element D | further comprising: RF signal processing means for transmitting and/or receiving radio waves; and an antenna for transmitting and/or receiving said radio waves, wherein said call ringing state between said apparatus and said remote caller is established by said transmitted and/or received radio waves. |

41.     Defendant made, used, sold, offered for sale, and/or imported wireless mobile devices, including mobile smartphones that are communication terminals for informing a user of a received call from a remote caller by an alert sound ("Accused '231 Motorola Devices").  The Accused '231 Motorola Devices include, for example, at least Droid, Moto X, Moto G, Moto E, and Moto Z series devices.

42.     Defendant made, used, sold, offered for sale, and/or imported the Accused '231 Motorola Devices that meet each and every element of claim 12 of the '231 Patent.

43.     Accused '231 Motorola Devices are communication terminals that inform a user of a received call from a remote caller by an alert sound (e.g., an incoming call alert).

44.     Accused '231 Motorola Devices include an alert sound generator (e.g., a loudspeaker assembly) for generating the alert sound when the call is received from the remote caller.

45.     Accused '231 Motorola Devices include control means for controlling the alert sound generator (e.g., silencing a call alert).

46.     Accused '231 Motorola Devices include means for specifying a predetermined operation by the user (e.g., pressing the volume key).

47.     When the Accused '231 Motorola Devices alert sound generator is generating the ringtone and the volume button is pressed by the user, the control means controls the alert sound generator to change a volume of the generated ringtone (e.g., silence or reduce the ring volume) only for the received call.

48.     The ringtone is silenced for the incoming call without affecting the volume of the alert sound for future received calls, while leaving a call ringing state, as perceived by the remote caller, unchanged.

49. Accused '231 Motorola Devices include RF signal processing means for transmitting and/or receiving radio waves and an antenna for transmitting and/or receiving said radio waves.

50. The call ringing state between the Accused '231 Motorola Devices and the remote caller is established by the transmitted and/ or received radio waves.

51. The technology claimed in claim 12 was not well understood, routine, or conventional at the time that the application was filed and provided a technological solution to a technological problem rooted in computer technology.

52. Defendant had knowledge of the '231 Patent since February 2010 and allegations of how the Accused '231 Motorola Devices infringe claims of the '231 Patent since at least as early as March 2012.

53. Direct infringement of claim 12 of the '231 Patent under 35 U.S.C. § 271(a) occurred when Defendant made, imported, used, sold and/or offered for sale the Accused '231 Motorola Devices that meet claim 12 of the '231 Patent.

54. As a direct and proximate result of Defendant's acts of patent infringement, Ironworks Patents has been and continues to be injured and has sustained damages.

## COUNT II: INFRINGEMENT OF RE39,231 CLAIM 2

55. Ironworks reasserts and realleges paragraphs 1 through 54 of this Complaint as though set forth fully here.

56. Claim 2 of the '231 Patent provides:

| Element A | The communication terminal according to claim 12, wherein said control means controls the state of said alert sound generator to stop the sound. |
|---|---|

57. Defendant made, used, sold, offered for sale, and/or imported the Accused '231

Motorola Devices that meet each and every element of claim 2 of the '231 Patent.

58.     Accused '231 Motorola Devices include control means that control the state of the alert sound generator to stop the sound (e.g., silence the alert, mute sounds).

59.     The technology claimed in claim 2 was not well understood, routine, or conventional at the time that the application was filed and provided a technological solution to a technological problem rooted in computer technology.

60.     Defendant had knowledge of the '231 Patent since February 2010 and allegations of how the Accused '231 Motorola Devices infringe claims of the '231 Patent since at least as early as March 2012.

61.     Direct infringement of claim 2 of the '231 Patent under 35 U.S.C. § 271(a) occurred when Defendant made, imported, used, sold and/or offered for sale the Accused '231 Motorola Devices that meet claim 2 of the '231 Patent.

62.     As a direct and proximate result of Defendant's acts of patent infringement, Ironworks Patents has been and continues to be injured and has sustained damages.

## COUNT III: INFRINGEMENT OF U.S. PAT. 6,850,150 CLAIM 1

63.     Ironworks Patents incorporates by reference the allegations set forth in paragraphs 1 to 62 of this Complaint as though set forth in full herein.

64.     Claim 1 of the '150 Patent provides:

| Preamble to Claim 1 | A portable device, comprising: |
|---|---|
| Element A | control means for monitoring and controlling the operation of the device; |
| Element B | and a user interface which comprises alarm means for performing a silent alarm producing a silent, invisible, tactile sensation in the user; |
| Element C | wherein the control means are arranged to give the user abstract information on multiple internal operational events of the device by using various alarm |

|  | patterns of silent, invisible sensations produced by the alarm means and sensed by the user, |
| --- | --- |
| Element D | the alarm patterns differing from one another such that at least one alarm pattern characteristic sensed by the user varies, said abstract information comprising a notification of a selected item on a menu of the user interface. |

65.    Defendant makes, uses, sells, offers for sale, and/or imports wireless mobile devices, including mobile smartphones that are mobile stations ("Accused '150 Motorola Devices").   Accused '150 Motorola Devices include, for example, at least Droid, Moto C, Motorola One, Motorola Razr, Moto X, Moto G, Moto E, and Moto Z series devices.

66.    Defendant has and continues to make, use, sell, import, and/or offer for sale the Accused '150 Motorola Devices that meet each and every element of claim 1 of the '150 Patent.

67.    Accused '150 Motorola Devices are portable devices as described in this claim.

68.    Accused '150 Motorola Devices include a control means (e.g., a microprocessor with operating system software) for monitoring and controlling the operation of the device.

69.    Accused '150 Motorola Devices include a user interface, which includes alarm means (e.g., a vibration motor) for performing a silent alarm producing a silent, invisible, tactile sensation (e.g., vibration) in the user.

70.    Accused '150 Motorola Devices' microprocessor and operating system are arranged to give the user abstract information on multiple internal operational events of the device by using various vibration patterns produced by the vibration motor and sensed by the user.

71.    Accused '150 Motorola Devices' vibration patterns differ from one another so that the vibration characteristics sensed by the user varies.

72.    The various vibration patterns give Motorola device users abstract information on internal operational events of the device, including a notification of a selected item on a menu of

the user interface.

73. The technology claimed in claim 1 was not well understood, routine, or conventional at the time that the application was filed and provided a technological solution to a technological problem rooted in computer technology.

74. Defendant had knowledge of the '150 Patent since February 2010.

75. Defendant directly infringes at least claim 1 of the '150 Patent by manufacturing and selling Accused '150 Motorola Devices.

76. Defendant makes, uses, and/or imports the Accused '150 Motorola Devices knowing that Defendant has infringed and continues to infringe at least claim 1 of the '150 Patent under 35 U.S.C. § 271(a) directly.

77. As a direct and proximate result of Defendant's acts of patent infringement, Ironworks Patents has been and continues to be injured and has sustained and will continue to sustain damages.

## COUNT IV: INFRINGEMENT OF U.S. PAT. 6,850,150 CLAIM 2

78. Ironworks reasserts and realleges paragraphs 1 through 77 of this Complaint as though set forth fully here.

79. Claim 2 of the '150 Patent provides:

| Element A | A portable device as claimed in claim 1, wherein the alarm means are a vibrating alarm. |
|---|---|

80. Defendant makes, uses, sells, offers for sale, and/or imports the Accused '150 Motorola Devices that meet each and every element of claim 2 of the '150 Patent.

81. Accused '150 Motorola Devices include alarm means that are a vibrating alarm.

82. The technology claimed in claim 2 was not well understood, routine, or

12

conventional at the time that the application was filed and provided a technological solution to a technological problem rooted in computer technology.

83.     Defendant had knowledge of the '150 Patent since February 2010.

84.     Defendant directly infringes at least claim 2 of the '150 Patent by manufacturing and selling Accused '150 Motorola Devices.

85.     As a direct and proximate result of Defendant's acts of patent infringement, Ironworks Patents has been and continues to be injured and has sustained and will continue to sustain damages.

## COUNT V: INFRINGEMENT OF U.S. PAT. 6,850,150 CLAIM 10

86.     Ironworks reasserts and realleges paragraphs 1 through 85 of this Complaint as though set forth fully here.

87.     Claim 10 of the '150 Patent provides:

| Element A | A portable device as claimed in claim 1, wherein the portable device is a subscriber terminal in a telecommunication system. |
|---|---|

88.     Defendant makes, uses, sells, offers for sale, and/or imports the Accused '150 Motorola Devices that meet each and every element of claim 10 of the '150 Patent.

89.     Accused '150 Motorola Devices are subscriber terminals in a telecommunication system.

90.     The technology claimed in claim 10 was not well understood, routine, or conventional at the time that the application was filed and provided a technological solution to a technological problem rooted in computer technology.

91.     Defendant had knowledge of the '150 Patent since February 2010.

92.     Defendant directly infringes at least claim 10 of the '150 Patent by manufacturing

13

and selling Accused '150 Motorola Devices.

93.     As a direct and proximate result of Defendant's acts of patent infringement, Ironworks Patents has been and continues to be injured and has sustained and will continue to sustain damages.

## COUNT VI: INFRINGEMENT OF U.S. PAT. 9,521,269 CLAIM 1

94.     Ironworks reasserts and realleges paragraphs 1 through 93 of this Complaint as though set forth fully here.

95.     Claim 1 of the '269 Patent provides:

| Preamble to Claim 1 | A mobile station comprising: |
|---|---|
| Element A | a user interface configured to enable a user to control operation of the mobile station by manual input and to obtain information on the operation of the mobile station, |
| Element B | a tactile alert device configured to generate a tactile vibration, and |
| Element C | a control circuit configured to control the tactile alert device to generate a first tactile vibration with a first pattern in response to a first event and a second tactile vibration with a second pattern that is distinctly humanly perceptibly different from the first pattern in response to a second event different from the first event, |
| Element D | wherein the first event is correct user manual input. |

96.     Defendant makes, uses, sells, offers for sale, and/or imports wireless mobile devices, including mobile smartphones that are mobile stations ("Accused '269 Motorola Devices"). The Accused '269 Motorola Devices include, for example, at least Droid, Moto C, Motorola One, Motorola Razr, Moto X, Moto G, Moto E, and Moto Z series devices.

97.     Defendant has and continues to make, use, sell, import, and/or offer for sale the Accused '269 Motorola Devices that meet each and every element of claim 1 of the '269 Patent.

98.     Accused '269 Motorola Devices are mobile stations.

99.     Accused '269 Motorola Devices include a user interface configured to enable a user to control operation of the mobile station by manual input and to obtain information on the operation of the mobile station.

100.    Accused '269 Motorola Devices include a tactile alert device (e.g., a vibration motor) configured to generate a tactile vibration.

101.    Accused '269 Motorola Devices include a control circuit configured to control the tactile alert device to generate a first tactile vibration with a first pattern in response to a first event (e.g., a successful fingerprint scan) and a second tactile vibration with a second pattern that is distinctly humanly perceptibly different from the first pattern in response to a second event (e.g., an incoming phone call) different from the first event.

102.    The first event is correct user manual input (e.g., a successful fingerprint registration or scan).

103.    The technology claimed in claim 1 was not well understood, routine, or conventional at the time that the application was filed and provided a technological solution to a technological problem rooted in computer technology.

104.    Defendant directly infringes at least claim 1 of the '269 Patent by manufacturing and selling Accused '269 Motorola Devices.

105.    Defendant makes, uses, and/or imports the Accused '269 Motorola Devices knowing that Defendant has infringed and continues to infringe at least claim 1 of the '269 Patent under 35 U.S.C. § 271(a) directly.

106.    As a direct and proximate result of Defendant's acts of patent infringement, Ironworks Patents has been and continues to be injured and has sustained and will continue to

sustain damages.

## COUNT VII: INFRINGEMENT OF U.S. PAT. 9,521,269 CLAIM 5

107.     Ironworks reasserts and realleges paragraphs 1 through 106 of this Complaint as though set forth fully here.

108.     Claim 5 of the '269 Patent provides:

| Element A | The mobile station of claim 1, wherein the second event is an incoming call. |
|---|---|

109.     Defendant makes, uses, sells, offers for sale, and/or imports the Accused '269 Motorola Devices that meet each and every element of claim 5 of the '269 Patent.

110.     Accused '269 Motorola Devices generate a second tactile vibration with a second pattern in response to an incoming call.

111.     The technology claimed in claim 5 was not well understood, routine, or conventional at the time that the application was filed and provided a technological solution to a technological problem rooted in computer technology.

112.     Defendant directly infringes at least claim 5 of the '269 Patent by manufacturing and selling Accused '269 Motorola Devices.

113.     As a direct and proximate result of Defendant's acts of patent infringement, Ironworks Patents has been and continues to be injured and has sustained and will continue to sustain damages.

## COUNT VIII: INFRINGEMENT OF U.S. PAT. 9,521,269 CLAIM 9

114.     Ironworks reasserts and realleges paragraphs 1 through 113 of this Complaint as though set forth fully here.

115.     Claim 9 of the '269 Patent provides:

| Element A | The mobile station of claim 1, wherein the mobile station is a mobile telephone. |
|---|---|

116.    Defendant makes, uses, sells, offers for sale, and/or imports the Accused '269 Motorola Devices that meet each and every element of claim 9 of the '269 Patent.

117.    Accused '269 Motorola Devices are mobile telephones.

118.    The technology claimed in claim 9 was not well understood, routine, or conventional at the time that the application was filed and provided a technological solution to a technological problem rooted in computer technology.

119.    Defendant directly infringes at least claim 9 of the '269 Patent by manufacturing and selling Accused '269 Motorola Devices.

120.    As a direct and proximate result of Defendant's acts of patent infringement, Ironworks Patents has been and continues to be injured and has sustained and will continue to sustain damages.

### COUNT IX: INFRINGEMENT OF U.S. PAT. 9,521,269 CLAIM 10

121.    Ironworks reasserts and realleges paragraphs 1 through 120 of this Complaint as though set forth fully here.

122.    Claim 10 of the '269 Patent provides:

| Preamble to Claim 10 | The mobile station of claim 1 further comprising: |
|---|---|
| Element A | a transceiver configured to generate a transmitted signal and to handle a received signal, and |
| Element B | an antenna coupled to the transceiver and configured to receive a first wireless signal as the received signal and to transmit the transmitted signal as a second wireless signal. |

123. Defendant makes, uses, sells, offers for sale, and/or imports the Accused '269 Motorola Devices that meet each and every element of claim 10 of the '269 Patent.

124. Accused '269 Motorola Devices include a transceiver configured to generate a transmitted signal and to handle a received signal.

125. Accused '269 Motorola Devices include an antenna coupled to the transceiver and configured to receive a first wireless signal as the received signal and to transmit the transmitted signal as a second wireless signal.

126. The technology claimed in claim 10 was not well understood, routine, or conventional at the time that the application was filed and provided a technological solution to a technological problem rooted in computer technology.

127. Defendant directly infringes at least claim 10 of the '269 Patent by manufacturing and selling Accused '269 Motorola Devices.

128. As a direct and proximate result of Defendant's acts of patent infringement, Ironworks Patents has been and continues to be injured and has sustained and will continue to sustain damages.

## COUNT X: INFRINGEMENT OF U.S. PAT. 9,521,269 CLAIM 11

129. Ironworks reasserts and realleges paragraphs 1 through 128 of this Complaint as though set forth fully here.

130. Claim 10 of the '269 Patent provides:

| Element A | The mobile station of claim 1 further comprising a battery configured to supply power to the mobile station. |
|---|---|

131. Defendant makes, uses, sells, offers for sale, and/or imports the Accused '269 Motorola Devices that meet each and every element of claim 11 of the '269 Patent.

132.    Accused '269 Motorola Devices include a battery configured to supply power to the mobile station.

133.    The technology claimed in claim 11 was not well understood, routine, or conventional at the time that the application was filed and provided a technological solution to a technological problem rooted in computer technology.

134.    Defendant directly infringes at least claim 11 of the '269 Patent by manufacturing and selling Accused '269 Motorola Devices.

135.    As a direct and proximate result of Defendant's acts of patent infringement, Ironworks Patents has been and continues to be injured and has sustained and will continue to sustain damages.

## COUNT XI: INFRINGEMENT OF U.S. PAT. 9,521,269 CLAIM 12

136.    Ironworks reasserts and realleges paragraphs 1 through 135 of this Complaint as though set forth fully here.

137.    Claim 12 of the '269 Patent provides:

| Preamble to Claim 12 | The mobile station of claim 1, wherein the user interface comprises: |
|---|---|
| Element A | a flat panel display, |
| Element B | a microphone configured to receive speech to be transmitted, |
| Element C | a loudspeaker configured to generate sounds, |
| Element D | a camera, and |
| Element E | a circuit configured to receive manual input of a user for manually controlling the operation of the mobile station. |

138.    Defendant makes, uses, sells, offers for sale, and/or imports the Accused '269

Motorola Devices that meet each and every element of claim 12 of the '269 Patent.

139. The user interfaces of the Accused '269 Motorola Devices include a flat panel display, a microphone configured to receive speech to be transmitted, a loudspeaker configured to generate sounds, a camera, and a circuit configured to receive manual input of a user for manually controlling the operation of the mobile station.

140. The technology claimed in claim 12 was not well understood, routine, or conventional at the time that the application was filed and provided a technological solution to a technological problem rooted in computer technology.

141. Defendant directly infringes at least claim 12 of the '269 Patent by manufacturing and selling Accused '269 Motorola Devices.

142. As a direct and proximate result of Defendant's acts of patent infringement, Ironworks Patents has been and continues to be injured and has sustained and will continue to sustain damages.

**COUNT XII: INFRINGEMENT OF U.S. PAT. 9,521,269 CLAIM 13**

143. Ironworks reasserts and realleges paragraphs 1 through 142 of this Complaint as though set forth fully here.

144. Claim 13 of the '269 Patent provides:

| Preamble to Claim 13 | The mobile station of claim 1, wherein the control circuit further comprises: |
|---|---|
| Element A | a microprocessor, and |
| Element B | software executed by the microprocessor. |

145. Defendant makes, uses, sells, offers for sale, and/or imports the Accused '269 Motorola Devices that meet each and every element of claim 13 of the '269 Patent.

146.    The control circuits of the Accused '269 Motorola Devices include a microprocessor and software executed by the microprocessor.

147.    The technology claimed in claim 13 was not well understood, routine, or conventional at the time that the application was filed and provided a technological solution to a technological problem rooted in computer technology.

148.    Defendant directly infringes at least claim 13 of the '269 Patent by manufacturing and selling Accused '269 Motorola Devices.

149.    As a direct and proximate result of Defendant's acts of patent infringement, Ironworks Patents has been and continues to be injured and has sustained and will continue to sustain damages.

## COUNT XIII: INFRINGEMENT OF U.S. PAT. 9,521,269 CLAIM 17

150.    Ironworks reasserts and realleges paragraphs 1 through 149 of this Complaint as though set forth fully here.

151.    Claim 17 of the '269 Patent provides:

| Element A | The mobile station of claim 1, wherein the first vibration provides user feedback at the time that the first event has occurred. |
|---|---|

152.    Defendant makes, uses, sells, offers for sale, and/or imports the Accused '269 Motorola Devices that meet each and every element of claim 17 of the '269 Patent.

153.    Accused '269 Motorola Devices generate the first vibration, which provides user feedback at the time that the first event has occurred.

154.    The technology claimed in claim 17 was not well understood, routine, or conventional at the time that the application was filed and provided a technological solution to a technological problem rooted in computer technology.

155.    Defendant directly infringes at least claim 17 of the '269 Patent by manufacturing and selling Accused '269 Motorola Devices.

156.    As a direct and proximate result of Defendant's acts of patent infringement, Ironworks Patents has been and continues to be injured and has sustained and will continue to sustain damages.

## COUNT XIV: INFRINGEMENT OF U.S. PAT. 9,521,269 CLAIM 18

157.    Ironworks reasserts and realleges paragraphs 1 through 156 of this Complaint as though set forth fully here.

158.    Claim 18 of the '269 Patent provides:

| Element A | The mobile station of claim 1, wherein the first event is correct user manual input at the user interface. |
|---|---|

159.    Defendant makes, uses, sells, offers for sale, and/or imports the Accused '269 Motorola Devices that meet each and every element of claim 5 of the '269 Patent.

160.    Accused '269 Motorola Devices generate a tactile vibration in response to correct user manual input at the user interface.

161.    The technology claimed in claim 18 was not well understood, routine, or conventional at the time that the application was filed and provided a technological solution to a technological problem rooted in computer technology.

162.    Defendant directly infringes at least claim 18 of the '269 Patent by manufacturing and selling Accused '269 Motorola Devices.

163.    As a direct and proximate result of Defendant's acts of patent infringement, Ironworks Patents has been and continues to be injured and has sustained and will continue to sustain damages.

## WILLFUL INFRINGEMENT

164.    Defendant has infringed and continues to infringe the above identified claims of the Patents-in-Suit despite its knowledge of the '150 and '231 Patents at least as early as February 2010; specific knowledge of how Defendant's accused products infringed the '231 Patents since March 2012; and the objectively high likelihood that its actions constitute patent infringement.

165.    Motorola's infringement of the Patents-in-Suit is willful and deliberate and its actions constitute egregious misconduct, including refusing to take a license, refusing to negotiate in good faith, and having knowledge of the patents-in-suit and notice of the infringement but having no reasonable factual basis for non-infringement or invalidity. This willful misconduct by Motorola entitles Ironworks to enhanced damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## JURY DEMAND

Ironworks demands a trial by jury on all issues that may be so tried.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Ironworks requests that this Court enter judgment in its favor and against Defendant Motorola Mobility LLC as follows:

A.    Adjudging, finding, and declaring that Motorola has infringed the above-identified claims of each of the Patents-in-Suit under 35 U.S.C. § 271;

B.    Awarding the past and future damages arising out of Motorola's infringement of the Patents-in-Suit to Ironworks in an amount no less than a reasonable royalty, together with prejudgment and post-judgment interest, in an amount according to proof;

C.    Adjudging, finding, and declaring that Motorola's infringement is willful and awarding enhanced damages and fees as a result of that willfulness under 35 U.S.C. § 284;

D.     Adjudging, finding, and declaring that the Patents-in-Suit are valid and enforceable;

E.     Awarding attorney's fees, costs, or other damages pursuant to 35 U.S.C. §§ 284 or 285 or as otherwise permitted by law; and

F.     Granting Ironworks such other further relief as is just and proper, or as the Court deems appropriate.


DATED: February 25, 2020

Respectfully submitted,

*/s/ Alison Aubry Richards*
Alison Aubry Richards
IL Bar # 6285669
arichards@giplg.com
Global IP Law Group, LLC
55 West Monroe Street, Suite 3400
Chicago, IL 60603
(312) 241-1500

*Attorney for Plaintiff Ironworks Patents, LLC*